NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-4463
_____

LAURENCE FISHER

v.

COLONEL JEFFREY MILLER; LT. COLONEL JOHN R. BROWN;
LIEUTENANT NICHOLAS G. SAITES; CAPTAIN LISA S. CHRISTIE;
CAPTAIN RODNEY J. PATTERSON; LIEUTENANT JAMES J CAREY;
LIEUTENANT ROBERT SCOTT; SHERYLL WEBER

Laurence N. Fisher,
                            Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 08-cv-02114)
District Judge:  Honorable Matthew W. Brann
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 7, 2014

Before:  JORDAN, COWEN and BARRY, Circuit Judges

(Opinion filed: July 8, 2014)
_____

OPINION
_____

PER CURIAM

Laurence Fisher appeals from an order of the United States District Court for the Middle District of Pennsylvania, which dismissed his civil rights complaint. We will affirm the District Court's judgment.

I.

The parties are already familiar with the facts of this case. We thus limit our discussion to those facts essential to our decision. While separated from his wife, Fisher became involved with another woman—Sheryll Sadowski.[1] After Sadowski terminated the relationship, she was subjected to various types of harassment. Sadowski believed that either Fisher or his wife was the perpetrator, and she complained to the Pennsylvania State Police ("PSP"), which was also Fisher's employer. The PSP conducted an investigation and eventually terminated Fisher's employment for misconduct. An arbitrator denied Fisher's grievance, and the Commonwealth Court of Pennsylvania affirmed the arbitration award. Fisher v. Pennsylvania State Police, 2008 WL 9406028 (Pa. Commw. Ct. Jan. 15, 2008), petition for allowance of appeal denied and reargument denied, 959 A.2d 930 (Pa. 2008) (table).

Fisher filed a complaint on November 21, 2008, which was twice amended. In the second amended complaint ("Complaint"), Fisher raised claims pursuant to 42 U.S.C. § 1983 and Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et

---

[1] She was known at the time as Sheryll Weber. We will refer to her by her current name.

2

seq. He alleged that his due process rights were violated and he was discriminated against on the basis of his gender when he was terminated from his job as a Pennsylvania State Police Corporal. On Sadowski's motion, the District Court dismissed her from the Complaint. The Court soon thereafter granted the remaining defendants' motion to dismiss for failure to state a claim upon which relief may be granted.

II.

We have appellate jurisdiction under 28 U.S. C. § 1291. We review de novo the District Court's decision to dismiss the complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Dique v. New Jersey State Police, 603 F.3d 181, 188 (3d Cir. 2010). To survive dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). We may affirm a district court for any reason supported by the record. Brightwell v. Lehman, 637 F.3d 187, 191 (3d Cir. 2011) (citation omitted).

Fisher's brief rehearses and attempts to flesh out the allegations of his complaint, but he does not address the grounds on which the District Court dismissed his complaint. Issues not raised in an opening brief are waived on appeal. F.D.I.C. v. Deglau, 207 F.3d 153, 169-70 (3d Cir. 2000); see also Gambino v. Morris, 134 F.3d 156, 161 n.10 (3d Cir. 1998) (we do "not consider arguments raised on appeal for the first time in a [pro se]

3

reply brief."). [2] Nevertheless, we will briefly address the arguments Fisher raised in his reply to the State Police Appellees' brief ("Reply Brief") regarding the timeliness of his § 1983 claims. [3]

Fisher does not dispute the fact that he originally filed his federal complaint more than two years after he was terminated from employment. See Kach v. Hose, 589 F.3d 626, 634 (3d Cir. 2009) (two-year period of limitations applies for § 1983 action arising in Pennsylvania). He argues that his complaint is nonetheless timely because he alleged "a continuous course of conduct on behalf of Appellees . . . [that] continue[d] through the time of receiving an arbitration decision in March of 2007 right up to and including the time period of November 2008 in the complaints filed through the State Court Systems as well as the Federal Court Complaint." Reply Brief, ¶ 4. But the only "conduct" that

---

[2] Fisher did not designate the District Court's June 24, 2013 order dismissing Sadowski from the action, see Fed. R. App. P. 3(c), nor did he mention the order in his opening brief. He thus waived any challenge to that order. In any event, we find no error in the District Court's decision. Sadowski could not be liable to Fisher under Title VII, as she was not his employer nor an agent of the employer. 42 U.S.C. § 2000e(b); see generally Vance v. Ball State Univ., 133 S. Ct. 2434, 2443 (2013) (discussing when an employer may be vicariously liable for an *employee's* actions). She could not be sued pursuant to 42 U.S.C. § 1983, as she is not a state actor. See Great W. Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 175-76 (3d Cir. 2010). To the extent Fisher sought to raise state law claims against Sadowski, the District Court did not abuse its discretion in declining to exercise supplemental jurisdiction over such claims. 28 U.S.C. § 1367(c).

[3] Fisher has not in any way challenged the District Court decision to dismiss his Title VII claims for failure to exhaust administrative remedies. As exhaustion is "an essential element for bringing a claim in court under Title VII," the District Court properly dismissed those claims. Burgh v. Borough Council of Montrose, 251 F.3d 465, 470 (3d Cir. 2001).

4

Fisher describes during that period is the "inaccurate, incomplete, and erroneous testimony and evidence" produced by the Appellees in the arbitration and/or state court proceedings. Id. As the District Court ably noted in the context of Fisher's claims against Sadowski, a testifying witness is absolutely immune from liability under § 1983, even if that testimony is perjured. See Briscoe v. LaHue, 460 U.S. 325, 326 (1983); see also Rolon v. Henneman, 517 F.3d 140, 145-47 (2d Cir. 2008) (absolute immunity bars claim based on testimony given at police disciplinary hearing held before arbitrator).[4] As Fisher does not allege any actionable conduct on the part of the Defendants during the period of limitations, his Complaint fails to state a claim upon which relief may be granted.

For the foregoing reasons, we will affirm the judgment of the District Court.[5]

---

[4] As with his claims against Sadowski, we hold that the District Court did not abuse its discretion in declining to exercise supplemental jurisdiction over any state law claims that Fisher sought to raise against the Police Defendants. 28 U.S.C. § 1367(c).

[5] Fisher's motion to expand the record is denied. Although we may, in limited circumstances, have the equitable power to allow a party to supplement the record on appeal, see In re Capital Cities/ABC, Inc.'s Application for Access to Sealed Transcripts, 913 F.2d 89, 96 (3d Cir. 1990), equity would not support supplementing the record here, as Fisher has failed to explain his failure to introduce the documents in the District Court.